**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN JILES,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:11-1115 |
| v. | : | (JONES, D.J.) |
| | | (MANNION, M.J.) |
| **SPRING GARDEN POLICE DEPARTMENT, et al.,** | : | |
| | : | |
| Defendants | : | |
| | : | |

## **REPORT AND RECOMMENDATION**[1]

On June 10, 2011, the plaintiff, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). An application for leave to proceed in forma pauperis, (Doc. No. 6), and prisoner authorization form, (Doc. No. 7), were filed by the plaintiff on June 22, 2011. As a result, a financial administrative order was sent the same day directing the Prison Superintendent/Warden to deduct monies from the plaintiff's inmate account for the filing fees. (Doc. No. 9).

As the plaintiff is proceeding in forma pauperis, the court accordingly is giving his complaint preliminary consideration pursuant to 28 U.S.C.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

§1915(e)(2)(B)[2]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court will recommend that the complaint be dismissed.

In his complaint, the plaintiff alleges that on March 27, 2009, defendants Hott, Lightener, and Harbaugh, Officers with the Spring Garden Police Department, and defendant Kelly, an Officer with the York County Police Department, who claimed to have a "body warrant" for the plaintiff, forcefully entered a home believed to be the plaintiff's and proceeded to conduct an illegal search and seizure. The plaintiff alleges that the defendant officers took items from the home which they had no authority to do. He further alleges that the warrant possessed by the defendant officers was invalid.

The plaintiff alleges that defendant Thomas Kelley, a Judge with the York County Court of Common Pleas, and defendant Tallo, an Assistant District Attorney in York County, allowed the use of illegal evidence in his case. The plaintiff alleges that defendant Kearney was also involved in his prosecution.

Based upon the above, the plaintiff is alleging violations of his 4th, 5th and 14th Amendment rights. He is seeking compensatory and punitive damages. The plaintiff names the defendants in their official capacity only.

---

[2]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that ... the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Initially, to the extent that the plaintiff names the Spring Garden Police Department as a defendant in this action, a municipal police department, as a subdivision or agency of a municipality, is not an appropriate defendant in a §1983 action. See Martin v. Red Lion Police Dep't, 146 Fed.Appx. 558, 562 n.3 (3d Cir. 2005)[3]; Texter v. Merlina, 2005 WL 1513117, *1 (M.D.Pa.) (Conner, J.); Draper v. Darby Twp. Police Dep't, — F.Supp.2d —, 2011 WL 830292, *4 (E.D.Pa.).

Moreover, with respect to defendant Thomas Kelley, it is well settled that judges are immune from suit under §1983 for damages arising from their judicial acts. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Gallas, 211 F.3d at 769 (citing Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Furthermore, immunity will not be lost simply because a judicial action is "unfair or controversial." Gallas, 211 F.3d

---

[3]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

3

at 769.

Here, the allegation against defendant Thomas Kelley is that he improperly considered evidence which was illegally obtained. There is no indication that defendant Thomas Kelley acted in a "clear absence of all jurisdiction." Therefore, the complaint against defendant Thomas Kelley should be dismissed.

With respect to defendants Kearney and Tallo, as Assistant District Attorneys in York County, they enjoy absolute prosecutorial immunity, which extends to any acts associated with the prosecutor's advocacy role and applies even if the prosecutor acted willfully or in bad faith. Ernst v. Child & Youth Servs. of Chester County, 108 F.3d 486, 502 (3d Cir. 1997). In fact, consideration of a prosecutor's personal motives is "directly at odds" with the Supreme Court's simple functional analysis of prosecutorial immunity. Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992). This is true even when a prosecutor deliberately withholds exculpatory evidence, fabricates evidence or introduces fraudulent evidence. Imbler v. Pachtman, 424 U.S. 409, 431 n.34 (1976); Knight v. Poritz, 157 Fed.Appx. 481 (3d Cir. 2005); Davis v. Grusemeyer, 996 F.2d 617, 630 n.28 (3d Cir. 1993). As such, the complaint against defendants Kearney and Tallo should be dismissed.

Finally, with respect to the remaining defendants, the Eleventh Amendment "has been interpreted to make states generally immune from suit by private parties in federal court." MCI Telecomm. Corp. v. Bell Atl. Pa., 271

F.3d 491, 502 (3d Cir. 2001) (citations omitted). "This immunity extends to state agencies and departments." Id. (citing C.H., ex rel. Z.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)). Eleventh Amendment immunity also extends to state officials sued in their official capacity because in such a case the state is the real party in interest. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) (citing Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Here, the plaintiff has specifically indicated that he wishes to sue the defendants in their official capacity. As such, his claims are barred by the Eleventh Amendment and his complaint should be dismissed as to all remaining defendants.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** in its entirety.


　　　　　　　　　　　　　　　　　　*s/ Malachy E. Mannion*
　　　　　　　　　　　　　　　　　　**MALACHY E. MANNION**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**


**Date:** July 15, 2011

O:\shared\REPORTS\2011 Reports\11-1115-01.wpd