IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN JILES, | : | |
| | : | 1:11-cv-1115 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| SPRING GARDEN POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### August 4, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 10), filed on July 15, 2011, which recommends that this action be dismissed. Plaintiff Stephen Jiles ("Plaintiff" or "Jiles") filed objections to the R&R on August 1, 2011. (Doc. 12). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will accept the Magistrate Judge's R&R in part and reject it in part and permit the Plaintiff the opportunity to amend the complaint with respect to his claims against Defendants Judge Thomas Kelley and Jana Tallo.

**I.     BACKGROUND**

Plaintiff, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2011. (Doc. 1).  Plaintiff also filed an application for leave to proceed *in forma pauperis* and a prisoner authorization form.  (Docs. 6 and 7). Named as Defendants are as follows: the Spring Garden Police Department; Detective James Hott; Detective Keith Lightener; Detective Dony Harbaugh; Detective Thomas Kelley of the York City Police Department; Thomas Kelley, Judge of York County Court of Common Pleas; Thomas Kearny, District Attorney for the County of York; Jana Tallo, Assistant District Attorney; and several John Does.  All Defendants are named in their official capacity only.

Plaintiff alleges that on March 27, 2009, Defendants Hott, Lightener, Harbaugh and Kelley, claiming to have a "body warrant" for the Plaintiff, forcefully entered a home believed to be the Plaintiff's and proceeded to conduct an illegal search and seizure.  Plaintiff claims that the warrant was invalid and that the officers took items from the home unlawfully.  Plaintiff further alleges that due to the personal, intimate relationship between Thomas Kelley, a York County Court of Common Pleas judge and Defendant Tallo, an Assistant District Attorney in York County, the Commonwealth was allowed the use of illegal evidence in the

2

case against Plaintiff. Plaintiff also claims that Thomas Kearny, the York County District Attorney, was involved in his prosecution. Based on the foregoing facts, Plaintiff claims that his Fourth, Fifth and Fourteenth Amendment rights were violated. He seeks compensatory and punitive damages.

Magistrate Judge Mannion, reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), recommends that the action be dismissed. The Magistrate Judge makes the following conclusions:

(1) that the Spring Garden Police Department, a municipal police department, is not an appropriate defendant in a § 1983 action;

(2) Defendant Judge Kelley enjoys absolute immunity from suit under § 1983 for damages arising from his judicial acts;

(3) Defendants Kearney and Tallo, in their capacity as District Attorneys in York County, enjoy absolute prosecutorial immunity; and

(4) the remaining defendants, inasmuch as they are state officials being sued in their official capacities, enjoy Eleventh Amendment immunity.

Based on the foregoing conclusions, Magistrate Judge Mannion recommends complete dismissal of the case.

## II.  STANDARDS OF REVIEW

### A.  Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.  28 U.S.C. § 1915(e)(2)(B)(ii) Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations.  *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.   DISCUSSION

Within his objections to the R&R, the Plaintiff argues that the Magistrate Judge did not properly evaluate his allegations concerning the interpersonal relationship between Judge Kelley and District Attorney Tallo and the effect of that relationship on his prosecution.  Our review of the Complaint indicates that Plaintiff's allegations concerning the relationship of these particular Defendants and the impact of the same on his prosecution are largely conclusory.  However, out of abundant caution, and recognizing Plaintiff's *pro se* status, we shall permit him an opportunity to amend his Complaint, but only as it relates to his claims against these two Defendants.[1]  Plaintiff has not objected to the Magistrate Judge's recommendations as to the other Defendants, and our review of Magistrate Judge Mannion's analysis on those points confirms that this action should be dismissed as to all of the Defendants besides Judge Kelley and Tallo.

---

[1] We do caution Plaintiff however, that unless he provides more than a conclusory allegation in his amended pleading (i.e. that the existence of the romantic relationship between the remaining Defendants, without any additional facts, necessarily proves that evidence was admitted in violation of his rights), this action will ultimately be dismissed for the reasons set forth by Magistrate Judge Mannion in his R&R.

V.   **CONCLUSION**

Accordingly, for the reasons set forth above, the R&R shall be adopted in part and rejected in part to the extent set forth hereinabove, and the Plaintiff shall be given an opportunity to amend his pleading.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Mannion (Doc. 10) is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Defendants Spring Garden Police Department, Detective James Hott, Detective Keith Lightener; Detective Dony Harbaugh; Detective Thomas Kelley and District Attorney Thomas Kearny are **DISMISSED** as Defendants to this action.

3. The Plaintiff shall file an amended complaint within thirty (30) days of the date of this Order.

4. This matter is **REMANDED** to Magistrate Judge Mannion for further proceedings.

s/ John E. Jones III
John E. Jones III
United States District Judge
