IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN JILES, | : | |
| | : | 1:11-cv-1115 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| SPRING GARDEN POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**November 23, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 18), filed on October 6, 2011, which recommends that this action be dismissed.  Following the issuance of the R&R, Plaintiff Stephen Jiles ("Plaintiff" or "Jiles") two documents with the Court, entitled "Motion to Appoint Counsel, Motion for Evidentiary Hearing" and "Motion for Preliminary Injunction" (Docs. 19 and 20) which we shall construe as objections to the R&R.  Accordingly, this matter is ripe for disposition.  For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, dismiss the remaining claims in this action, and close this case.

I.     **BACKGROUND**

Plaintiff, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 10, 2011. (Doc. 1). Plaintiff also filed an application for leave to proceed *in forma pauperis* and a prisoner authorization form. (Docs. 6 and 7). Named as Defendants were the following: the Spring Garden Police Department; Detective James Hott; Detective Keith Lightener; Detective Dony Harbaugh; Detective Thomas Kelley of the York City Police Department; Thomas Kelley, Judge of York County Court of Common Pleas; Thomas Kearny, District Attorney for the County of York; Jana Tallo, Assistant District Attorney; and several John Does. All Defendants were named in their official capacity only.

In the original Complaint, Plaintiff alleged that on March 27, 2009, Defendants Hott, Lightener, Harbaugh and Kelley, claiming to have a "body warrant" for the Plaintiff, forcefully entered a home believed to be the Plaintiff's and proceeded to conduct an illegal search and seizure. Plaintiff claimed that the warrant was invalid and that the officers took items from the home unlawfully. Plaintiff further alleged that due to the personal, intimate relationship between Thomas Kelley, a York County Court of Common Pleas judge and Defendant Tallo, an Assistant District Attorney in York County, the Commonwealth was

allowed the use of illegal evidence in the case against Plaintiff. Plaintiff also claimed that Thomas Kearny, the York County District Attorney, was involved in his prosecution. Based on those facts, Plaintiff claimed that his Fourth, Fifth and Fourteenth Amendment rights were violated.

Magistrate Judge Mannion, reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), recommends that the action be dismissed. The Magistrate Judge made the following conclusions:

(1) that the Spring Garden Police Department, a municipal police department, is not an appropriate defendant in a § 1983 action;

(2) Defendant Judge Kelley enjoys absolute immunity from suit under § 1983 for damages arising from his judicial acts;

(3) Defendants Kearney and Tallo, in their capacity as District Attorneys in York County, enjoy absolute prosecutorial immunity; and

(4) the remaining defendants, inasmuch as they are state officials being sued in their official capacities, enjoy Eleventh Amendment immunity.

Based on the foregoing conclusions, Magistrate Judge Mannion recommended complete dismissal of the case.

On August 4, 2011, we issued a Memorandum and Order (Doc. 14) adopting the Magistrate Judge's in its entirety, with the exception that we permitted Plaintiff to file an amended complaint with respect to his claims against Defendants Kelley and Tallo only. We noted that our review of the Complaint indicated that Plaintiff's allegations concerning the relationship of these particular Defendants and the impact of the same on his prosecution were largely conclusory. However, out of abundant caution, and recognizing Plaintiff's *pro se* status, we permitted him an opportunity to amend his Complaint, but only as it related to his claims against these two Defendants. We cautioned Plaintiff that unless he provides more than a conclusory allegation in his amended pleading (i.e. that the existence of the romantic relationship between the remaining Defendants, without any additional facts, necessarily proves that evidence was admitted in violation of his rights), this action would be dismissed for the reasons set forth by Magistrate Judge Mannion in his R&R.

Thereafter, on August 29, 2011, the Plaintiff filed an Amended Complaint. (Doc. 16). On October 6, 2011, Magistrate Judge Mannion issued the instant R&R, after undertaking a review of the Amended Complaint, and recommends that the same be dismissed because Plaintiff has failed to set forth sufficient facts to support his remaining claim against Defendants Tallo and Kelley.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. 28 U.S.C. § 1915(e)(2)(B)(ii) Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.  DISCUSSION

Within the Amended Complaint, the Plaintiff once again only sets forth conclusory allegations regarding Judge Kelley and District Attorney Tallo and the effect of that relationship on his prosecution.  Plaintiff alleges that the two were "so deep in love" that Judge Kelley must have treated Tallo favorably, and consequently treated Plaintiff unfavorably, in the criminal prosecution. While the Plaintiff has attached to his Amended Complaint newspaper articles which indicate that Defendant Tallo was granted a temporary Protection From Abuse order against Defendant Kelley and that the two apparently had an intimate relationship, there is not indication or specific facts set forth that the relationship caused the Plaintiff's constitutional rights to be violated.  As such, we shall adopt the Magistrate Judge's recommendation of dismissal of the case.

## V.  CONCLUSION

Accordingly, for the reasons set forth above, the R&R shall be adopted in its entirety and this case shall be closed.  An appropriate order shall issue.